UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                         Case No. 13-cr-0002-bhl

KENNETH L COX,

        Defendant.

## ORDER

        Just over nine years ago, Defendant Kenneth L. Cox pled guilty to Count 9 of a multi-count Indictment charging him with Attempt to Distribute and Possess with Intent to Distribute Heroin. On March 14, 2014, Judge Rudolph T. Randa sentenced Cox to 130 months imprisonment, concurrent with Milwaukee County Case No. 03CF2054, to be followed by 3 years of supervised release. He has been on supervised release since May 7, 2021 and is due to be discharged next year, on May 6, 2024. On January 30, 2023, Cox filed a *pro se* motion for early termination of supervised release. (ECF No. 662). The Court ordered the government and probation to respond to Cox's motion on or before February 24, 2023. Both responded by opposing the motion and recommending it be denied.

        Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245–46 (S.D.N.Y.1998)). The defendant bears the burden of demonstrating that early termination is justified. *Id.* Under most circumstances, early termination is granted when the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States*

*v. White,* No. 06–CR–50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). Merely following the rules is insufficient to justify early termination.

Cox argues that early termination is justified because he "has maintained stable employment and residence and has done all that is in accord with the conditions of supervised release and obeyed the laws of the State of Georgia and the United States of America." (ECF No. 662.) He also indicates he would like to travel outside the United States and vote. (ECF No. 667.)

The record confirms that Cox satisfies the first two criteria for early termination of his supervised release. He has completed more than one year on supervision and notice has been provided to the government. The dispositive issue is therefore whether termination would be in the interest of justice.

Cox has not carried his burden on this third requirement. He has not presented evidence of new or unforeseen circumstances warranting a reduction in the sentence initially imposed upon him. Nor does the record convince the Court that his behavior has been so exceptionally good that early termination of his supervised release is appropriate. The Court commends Cox for complying with the conditions of his supervised release, but basic compliance is not enough. The Court expects and requires those on supervision to work, support their families, abstain from illegal drug use and follow the rules. While Cox's behavior since his release from prison has been stable and largely positive, his efforts do not rise to the level of being extraordinary. Last, Cox has also not shown that supervision unfairly interferes with his rehabilitation or other pro-social activities. Cox states he would like to travel and vote, but these are not matters of rehabilitation. If all goes as planned, Cox will complete his sentence and be released from supervised release on May 6, 2024. He has not shown extraordinary circumstances that would justify moving that date forward.

Moreover, while probation acknowledges that Cox presents no identified risk to the public or any potential victims, he also qualifies as career offender and his employment has become unsteady. Probation similarly confirms that Cox has tested negative in *most* of his 18 submitted drug tests since his release from prison, but he tested positive for marijuana in April 2022. These facts undercut any claim by Cox that his circumstances are extraordinary and warrant early termination.

The Court finds that the pertinent Section 3553(a) factors support continued supervision. Cox is a repeat participant in a serious drug offense which culminated in his classification under the Sentencing Guidelines as career offender. The Court finds that terminating his supervised

release early would unduly depreciate the seriousness of this offense. The Court determines it is appropriate for Cox to serve out his supervision term to reflect the seriousness of the offense and promote respect for the law.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release (ECF No. 662) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 20, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge